MATALON ♦ SHWEKY ♦ ELMAN PLLC
450 Seventh Avenue, 33rd Floor
New York, New York 10123
Tel: (212) 244-9000
Email: nycourts@trial-lawyer.org
  *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| LANTOND, LLC, | Civil Action No. _____ |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| JOHN BARRETT, | |
| Defendant. | |

-----------------------------------------------------------------X

Plaintiff Lantond, LLC ("Lantond"), through its attorneys Matalon ♦ Shweky ♦ Elman PLLC, complaining of defendant John Barrett, alleges:

## INTRODUCTION

1. Lantond, a landlord, brings this action to recover sums owed by defendant John Barrett, as a guarantor, pursuant to a guaranty of a tenant's obligations under a commercial real estate lease. Landtond also demands the attorneys' fees, costs and expenses it has and will incur in connection with enforcing its rights under the guaranty.

## PARTIES

2. Plaintiff Lantond is a limited liability company formed under the laws of the State of New York.

3. Upon information and belief, defendant John Barrett, a natural person, is a citizen of New York residing at 333 West 56th Street, Apartment 10FG, New York, New York 10019.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(2). There is complete diversity among the adverse parties, and the amount in controversy, without interest and costs, exceeds $75,000. For diversity purposes the citizenship of an LLC is that of its members. No member of Lantond is a citizen of New York. Accordingly, Lantond is not a citizen of the State of New York for diversity purposes. Lantond is wholly-owned by a Delaware LLC, which in turn is wholly-owned by another Delaware LLC, which in turn is owned by a trust. The trust's trustee is a corporation formed under the laws of New Zealand, whose principal place of business is in New Zealand. The trust's beneficiaries are all citizens of Brazil.

5. Personal jurisdiction over the defendant is proper because, upon information and belief, he is a citizen of New York.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in the Southern District of New York.

## FACTS

7. John Barrett Holdings, LLC ("Tenant") entered into a lease with YHD Bowery Commercial Unit, LLC ("Original Landlord") dated May 1, 2014 ("Lease"), for a portion of the Commercial Unit in the building known as 54 Bond Street, New York, New York ("Premises").

8. In consideration of, and inducement for, the execution of the Lease, John Barrett ("Guarantor") executed a guaranty, dated May 1, 2014 ("Guaranty"), in which Guarantor unconditionally guaranteed to the Original Landlord, its successors and assigns, the full and

prompt payment of all non-accelerated Fixed Rent, Tax Payments, and other charges payable by Tenant. A copy of the Guaranty is annexed hereto as Exhibit A.

9. Pursuant to a Condominium Deed dated September 30, 2014, Original Landlord conveyed the Premises to Lantond. Accordingly, Lantond became Tenant's landlord and the Guaranty remained in full force and effect for the benefit of Lantond.

10. Tenant has received a bill showing outstanding charges of $135,241.94 due under the Lease, which remain accruing. Guarantor, in turn, owes such sums to Lantond.

11. Guarantor has failed to pay the amount owed under the Guaranty.

## **FIRST CAUSE OF ACTION**
### **(Breach of Guaranty)**

12. Plaintiff repeats and realleges the allegations of paragraphs 1 through 11 as if set forth in full here.

13. Guarantor is in breach of the Guaranty for failure to make the required payments, despite due demand.

14. Guarantor will continue to be liable for additional amounts that may accrue under the Lease and Guaranty.

## **SECOND CAUSE OF ACTION**
### **(Costs of Enforcement)**

15. Plaintiff repeats and realleges the allegations of paragraphs 1 through 14 as if set forth in full here.

16. Guarantor is liable for the costs of enforcing the Guaranty.

17. Lantond has incurred, and will continue to incur, costs to enforce the Guaranty, including attorneys' fees.

18. Accordingly, Lantond is entitled to recover from Guarantor an amount to be

proven at trial, inquest or on motion.

**WHEREFORE**, plaintiff Lantond, LLC demands a money judgment against the defendant John Barrett in an amount to be determined upon trial, inquest or motion, but not less than $135,241.94, together with reasonable attorneys' fees, costs and disbursements and such other relief as the Court deems just and proper.

Dated: New York, New York
      May 10, 2016

                              **MATALON ♦ SHWEKY ♦ ELMAN PLLC**

                              By: _____
                                  Joseph Lee Matalon
                              450 Seventh Avenue, 33rd Floor
                              New York, NY 10123
                              (212) 244-9000
                                *Attorneys for Plaintiff*

# EXHIBIT A

## LIMITED GUARANTY

333 West 56th Street, Apt 10FG, New York, NY 10019

In consideration of, and as an inducement for, the granting, execution and delivery of that certain Lease Agreement dated as of May 1, 2014, by and between YHD Bowery Commercial Unit, LLC, as Landlord, and John Barrett Holdings, LLC, as Tenant, demising a portion (as more specifically described in the Lease Agreement) of the Commercial Condominium Unit in the building known as the 54 Bond Street Condominium and located at 54 Bond Street, New York, New York (hereinafter referred to as the "Subject Premises") (the Lease Agreement is hereinafter referred to as the "Lease"), and in further consideration of the sum of One Dollar ($1.00) and other good and valuable consideration paid by Landlord to the undersigned, the receipt and sufficiency of which are hereby acknowledged, the undersigned, JOHN BARRETT, residing at _____, hereby unconditionally guarantees to Landlord, its successors and assigns the full payment of unaccelerated Fixed Rent, Tax Payment, the monthly rent or license fee or other costs or fees payable in respect of the storage unit pursuant to Section 4.3.3 of the Lease, interest and late charges payable by Tenant, its successors and assigns under the Lease (collectively, the "Guaranteed Rent"), and Guarantor hereby covenants and agrees to and with Landlord that if default after notice and the expiration of the applicable cure period shall at any time be made by Tenant or its successors or assigns, in the payment of any Guaranteed Rent, Guarantor, in each and every instance, shall and will forthwith promptly pay such base rent, additional rent and other charges to Landlord and any arrears thereof accruing prior to the Vacate Date so long as Tenant or its successors and assigns shall have theretofore received a bill for the foregoing and will forthwith pay to Landlord all reasonable out-of pocket attorneys' fees and disbursements incurred by Landlord or caused by or in any way related to any such default after notice and the expiration of the applicable cure period and/or the enforcement of this Guaranty.

Notwithstanding the foregoing, upon condition that Tenant or its successors and assigns surrenders vacant possession of the Premises to Landlord in the manner required by the Lease, the foregoing guaranty shall be limited to the extent of the guaranteed obligations set forth above which accrue through and including the date (the "Vacate Date") that Tenant or its successors and assigns has (i) vacated and surrendered the demised premises pursuant to the Lease in the condition required therein; (ii) delivered the keys to the demised premises to Owner; and (iii) paid to Owner all Guaranteed Rent which has accrued to and including the date which is the latest of (x) the actual receipt by Owner of the accrued Guaranteed Rent, so long as Tenant or Tenant's successor and assigns shall have theretofore received a bill for such Guaranteed Rent; (y) Tenant's vacating and surrender of the demised premises in the manner required by the Lease; and (z) receipt by Owner of the keys to the demised premises.

This Guaranty is an irrevocable, absolute and unconditional guaranty of payment, limited as provided herein. It shall be enforceable against Guarantor without the necessity of any suit or proceedings on Landlord's part of any kind or nature whatsoever against Tenant or its successors or assigns, and without the necessity of resorting to any security under the Lease or any need to give notice of nonpayment, nonperformance or nonobservance or of any notice of acceptance of this Guaranty or of any other notice or demand to which Guarantor might otherwise be entitled, all of which Guarantor hereby expressly waives, except for notices of default to Tenant provided for in the Lease (other than during a bankruptcy or insolvency or similar proceeding brought by or against Tenant); and Guarantor hereby expressly agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall in no way be terminated, affected, diminished or impaired by reason of the assertion or the failure to assert by Landlord against Tenant, or against Tenant's successors or assigns, any of the rights or remedies reserved to Landlord pursuant to the provisions of the Lease. If Guarantor is comprised of two or more individuals and/or entities, each of said individuals and/or entities shall be individually, jointly and severally liable in full for the obligations set forth in this Guaranty, and Landlord may enforce this Guaranty in full against any one or more of said individuals and/or entities without the other(s), and the

failure to seek enforcement against the other(s) shall not be a defense against enforcement of any of the obligations herein.

Subject to the limitations contained herein, this Guaranty shall be a continuing guaranty, and the liability of Guarantor hereunder shall in no way be affected, modified, impaired or diminished by reason of any event or circumstance which might otherwise constitute a legal or equitable discharge of Guarantor, including, without limitation: (i) any assignment, renewal or modification of the Lease (except as provided for in the Lease); (ii) any modification or waiver of or change in any of the terms, covenants, conditions or provisions of the Lease by Landlord to Tenant or its successors or assigns notwithstanding that such modifications or amendments increase the liability of Guarantor under this Guaranty; (iii) any dealings or transactions or matter or thing of any kind or nature occurring between Landlord and Tenant or Tenant's successors or assigns; (iv) any consent, indulgence or other action, inaction or omission with respect to Tenant under or in respect to the Lease; (v) any failure to act, delay, indulgence, or lack of diligence on the part of Landlord to enforce, assert or exercise any right, power or remedy conferred on Landlord under the Lease or this Guaranty; (vi) any compromise, settlement, release or termination of any or all of the obligations of Tenant or its successors and assigns under Lease; or (vii) any bankruptcy, insolvency, reorganization, arrangement, assignment for the benefit of creditors, receivership or trusteeship affecting Tenant or Tenant's successors or assigns, whether or not notice thereof is given to Guarantor. Notwithstanding the foregoing, Guarantor shall not have any obligation under this Guaranty to the extent of any modification of the Lease made by Tenant increasing the liability or obligations of Tenant under the Lease other than by (x) the initial Tenant therein named, (y) any transferee of the interest of the tenant in the Lease pursuant to the Section 10.7.1 of the Lease.

All of Landlord's rights and remedies under the Lease and/or under this Guaranty are intended to be distinct, separate and cumulative and no such right or remedy therein or herein mentioned is intended to be in exclusion of or a waiver of any of the others. This Guaranty and/or any of the provisions hereof cannot be modified, waived or terminated unless such modification, waiver or termination is in writing, signed by Landlord and Guarantor.

No payment by Guarantor pursuant to any provision hereof shall entitle Guarantor by subrogation or otherwise to the rights of Landlord to any payment by Tenant therefor or its successors and assigns or out of the property of Tenant or its successors and assigns, except after payment of all sums and fulfillment of all covenants, terms, conditions or agreements to be paid or performed by Tenant or its permitted successors or assigns under the Lease. Any payments Guarantor may receive related to monies paid by Guarantor only (nothing contained herein shall prevent the payment of monies to Tenant in the normal course of business and such payment shall not be considered a trust fund) from Tenant or its successors and assigns, prior to the payment to Landlord of all amounts outstanding under the Lease, shall be considered trust funds for the benefit of Landlord.

Guarantor hereby represents that: (i) Guarantor owns at least 50% of the issued and outstanding capital stock or ownership interest of Tenant and that by entering into the Lease, Landlord will be conferring a direct and substantial economic benefit on the Guarantor; (ii) Guarantor is a citizen of the United States; (iii) this Guaranty has been duly executed and delivered by Guarantor and constitutes the legal, valid and binding obligations of Guarantor enforceable in accordance with its terms, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or similar laws of general applicability affecting the enforcement of creditors' rights; (iv) the execution, delivery and performance of this Guaranty does not violate or contravene any laws, ordinances or governmental requirements affecting Guarantor or any agreement to which Guarantor is a party or by which Guarantor is bound.

As a further inducement to Landlord to enter into the Lease and in consideration thereof, Guarantor covenants and agrees that in any action or proceeding brought on, under or by virtue of this Guaranty, Guarantor shall and does hereby waive trial by jury. This Guaranty shall be enforced and construed in accordance with the internal laws of the State of New York (without regard to the principles of conflict of laws) and shall be binding upon and inure to the benefit of Landlord and Guarantor and their heirs, legal representatives, successors and assigns, subject to the limitations contained herein.

Dated:    New York, New York
          As of May 1, 2014

JOHN BARRETT
As Guarantor

By: John Barrett
Social Security #: REDACTED

STATE OF New York   )
                    ) ss:
COUNTY OF New York  )

On this __8th__ day of May, 2014, before me personally came JOHN BARRETT, to me known and known to me to be the individual described in and who executed the foregoing Guaranty and (s)he duly acknowledged to me that (s)he executed the same.

Notary Public

SARAH R HALLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HA6295574
Qualified in New York County
My Commission Expires January 06, 2018